UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA VINCE,

      Plaintiff,

-vs-              Case No. 8:11-cv-1683-T-24-TBM

SPECIALIZED SERVICES, INC.,
SPECIALIZED PAINTING OF TAMPA, INC.,
SPECIALIZED PROPERTY SERVICES, INC.,
SPECIALIZED HOLDING GROUP, LLC,
SPECIALIZED SERVICES GROUP, INC.,
SEAN CARNEY,
DANIEL CARNEY, and
DANIEL MARTUCCI,

      Defendants.
_____/

# **O R D E R**

This cause comes before the Court on Defendants' Motion to Stay Proceedings and Compel Arbitration or to Modify the Court's Scheduling Order. (Dkt. 10.) Plaintiff Debra A. Vince opposes the motion. (Dkt. 12.)[1]

**I. Background**

On July 28, 2011, Plaintiff Debra Vince filed suit against Defendants for violations of the Fair Labor Standards Act ("FLSA") for failing to pay her overtime compensation. Plaintiff worked as a Field Operations Manager for Defendants. She alleges that the corporate defendants are for-profit corporations doing business in Tampa, Florida, and that the individual defendants

---

[1] Defendants filed a reply to Plaintiff's response (Dkt. 13); however, Defendants did not seek leave of Court before filing the reply; therefore, the Court has not considered the filing when ruling on this motion. M.D. Fla., Loc. R. 3.01(c).

are the shareholders and/or members of the executive teams of the corporate defendants.

Plaintiff contends that Defendants intentionally mis-classified her as an exempt employee under the FLSA in order to avoid paying her overtime. She contends that she is owed approximately $200,000.00 in unpaid overtime wages, and an additional $200,000.00 in liquidated damages.

On September 2, 2011, Defendants filed an Amended Answer to the Complaint. (Dkt. 6.) In that pleading, Defendants demand that all issues alleged, and recovery sought, in the Complaint be arbitrated in accordance with the arbitration agreement executed by Plaintiff when she was employed. Defendants attached a copy of that agreement as an exhibit to its Amended Answer.[2] (Dkt. 6, Ex. A.)

**II.  Discussion**

Defendants now move the Court to compel Plaintiff to submit her claims to binding arbitration and to stay this case. Defendants contend that when Plaintiff was hired, she was presented with an Employee Handbook that contained an arbitration provision, as well as an Acknowledgment of the Employee Handbook, which Plaintiff signed, that also contained an arbitration provision. Defendants contend that continued employment was conditioned on Plaintiff signing the Acknowledgment, and that, by signing it, Plaintiff waived her right to a jury trial and agreed to submit any dispute concerning her employment to binding arbitration.[3]

---

[2] Plaintiff filed a Response to Defendants' Demand for Arbitration. (Dkt. 8.) The Court has not considered this filing when ruling on the instant motion because such filing is not permitted by the Federal Rules of Civil Procedure or the Court's Local Rules.

[3] Alternatively, Defendants move for additional time to comply with the Court's Scheduling Order concerning the filing of their verified summary of Plaintiff's hours worked.

Plaintiff, however, contends that the arbitration provision contained in the Employee Handbook is not valid because it is illusory, unconscionable, and constitutes a contract of adhesion. Furthermore, she contends that the Acknowledgment does not constitute a binding contract because the provisions of the Employee Handbook are merely guidelines and she did not bargain with Defendants about any of those provisions.

Under the Federal Arbitration Act ("FAA"), a written agreement to arbitrate in a contract is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The FAA thereby places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center, West, Inc. v. Jackson,* __ U.S.__, 130 S. Ct. 2772, 2776, 177 L. Ed. 2d 403 (2010) (citations omitted). "Like other contracts, however, [arbitration agreements] may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *Id.* (citations and quotations omitted). State law generally governs whether an arbitration agreement is enforceable. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367-68 (11th Cir. 2005) (affirming order compelling arbitration of FLSA overtime claims). The "federal policy favoring arbitration, however, is taken into consideration even in applying ordinary state law." *Id.* at 1368 (quotations omitted).

Defendants' Employee Handbook contains the following provision, titled "Arbitration/Waiver of Right to Trial by Jury of Termination Claims:"

> By signing the employee acknowledgment form attached to this Handbook, you agree that any dispute between you and your Employer will be submitted to binding arbitration under the National Employment Dispute Resolution Rules of the American Arbitration Association ("AAA"). This includes arbitration of any and all claims arising out of your employment or termination of your employment, including, but not limited to, any claim under: . . .

3

>> 3. Federal laws, including, but not limited to, any claims arising under any of the following Federal laws: . . .
>
>> (d) The Fair labor Standards Act ("FLSA"); . . .
>
> This Section shall not affect an employee's right to file a claim under Federal Law with the Equal Employment Opportunity Commission; however, any such claim must be arbitrated rather than bringing a lawsuit in Federal or State Court. If the arbitration involves a claim under Federal law, the arbitrator shall be required to apply Federal substantive law to that claim.
>
> By agreeing to arbitration, you understand and agree you are waiving your right to trial by jury.

(Dkt. 10, Ex. 1, p.13.) There is also a separate document titled "Acknowledgment of Receipt of Employee Handbook," which contains the following "Arbitration" provision:

> I understand and agree that any dispute concerning my employment or the termination of my employment must be submitted to arbitration under the arbitration provision contained in this Handbook. I understand and agree to the arbitration provision contained in the Handbook. By signing this acknowledgment, I verify I have and understand read [sic] that Section. *By signing this form, I understand and agree I am waiving my right to a trial by jury.*

(Dkt. 10, Ex. 2, p.2, emphasis in original.) Plaintiff's signature appears at the bottom of this Acknowledgment.

Plaintiff does not dispute that she signed her Acknowledgment of the Employee Handbook, which includes her acknowledgment of the arbitration provision contained therein. Rather, she contends that any agreement to arbitrate was illusory, unconscionable, and constituted a contract of adhesion, and therefore is not enforceable. She argues that the arbitration provision is not a stand-alone agreement signed by her, but rather, one of many provisions hidden within the Employee Handbook. As evidence of the fact that this does not constitute a valid agreement to arbitrate, Plaintiff points to the Acknowledgment which states that the Employee Handbook "is not to be considered . . . to be an employment agreement

4

contract," and that the provisions in the Handbook "are merely the aspirations and/or guidelines of [Defendants] and/or its subsidiaries and may be changed at any time by [Defendants] at their sole discretion." Furthermore, she contends that the fact that she did not bargain with Defendants over the arbitration provision, and that Defendants could unilaterally alter the terms in the Employee Handbook, means that any agreement to arbitrate was illusory and not enforceable.

"[I]n determining whether a binding agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts." *Caley*, 428 F.3d at 1368. Here, the Court assumes that Florida law applies because the parties reside and work in Florida, and no party has indicated that any other state's law applies. Applying Florida contract principles, the Court finds that Plaintiff's signature of the Acknowledgment, and the fact that she worked for Defendants after signing it, signifies her acceptance of the arbitration provision contained in both the Employee Handbook and the Acknowledgment form. *Santos v. Gen. Dynamics Aviation Servs. Corp.*, 984 So. 2d 658, 661 (Fla. 4th DCA 2008) (ruling that the employee's continued employment demonstrated his assent to the terms of the arbitration agreement).

And, there was sufficient consideration to support the agreement to arbitrate because the agreement contained a mutual obligation to arbitrate. *Id.* (citing *Kinko's Inc. v. Payne*, 901 So. 2d 354, 355 (Fla. 2d DCA 2005) (ruling that "the agreement of a party to submit to arbitration is sufficient consideration to support the other party's agreement to do the same"). Under Florida law, "mutual promises and obligations are sufficient consideration to support a contract." *Id.* (quotations and citations omitted).

The Court rejects the notion that the agreement to arbitrate was not a "stand-alone" agreement, but rather, hidden within the lengthy Employee Handbook. To the contrary, the Acknowledgment that contains Plaintiff's assent to the terms of the arbitration provision contained in the Employee Handbook is itself only one-and-a-half pages long. Furthermore, the arbitration provision in the Employee Handbook is clearly marked, is contained within its own paragraph that is set aside from the other provisions, and is titled in bold type with capital letters. It clearly provided notice to Plaintiff that any FLSA claims arising out of her employment would be submitted to arbitration. *See Nat'l Fin. Servs., LLC v. Mahan*, 19 So. 3d 1134, 1136 (Fla. 3d DCA 2009) (finding that "the simple, self-contained, and italicized arbitration provision, . . . sufficiently put [the defendant] on notice that disputes . . . would be subject to mandatory arbitration").

The Court furthermore rejects the notion that the agreement was unconscionable or illusory because Plaintiff did not bargain with Defendants over the arbitration provision and because Defendants could alter the terms of the Employee Handbook. To support a finding of unconscionability, Florida law requires a showing of both procedural and substantive unconscionability. *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1134 (11th Cir. 2010). Plaintiff has not shown that either the manner in which the contract was entered into, or the arbitration provision itself, were unreasonable or unfair.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendants' Motion for Stay of Proceedings and Compel Arbitration is **GRANTED** and Defendants' Motion to Modify the Court's Scheduling Order is

6

**DENIED AS MOOT**;

(2) The Clerk shall **ADMINISTRATIVELY CLOSE** this case;

(3) Upon resolution of the arbitration proceedings, Plaintiff may re-institute this case to active status upon proper motion. If this suit is resolved by the arbitration proceedings, Plaintiff shall promptly move for dismissal of this case; and,

(4) Plaintiff is directed to file and serve, on or before April 1, 2012, and every six months thereafter, a report informing the Court of the status of the arbitration proceedings.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of October, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge